```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                            CRIMINAL NO. 1:20-CR-95-2
                                        (KLEEH)

**RICHARD KIRKLAND JOHNSON,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [ECF NO. 197]**

Defendant Richard Kirkland Johnson ("Johnson") has moved for a judgment of acquittal or, in the alternative, a new trial [ECF No. 197]. The Government filed a response in opposition [ECF No. 199], and Johnson filed a reply [ECF No. 201]. For the reasons discussed herein, the motion is **DENIED**.

## I.   BACKGROUND

Following a four-day jury trial, Johnson was found guilty of Conspiracy to Distribute Controlled Substances (Count One), Aiding and Abetting the Possession with Intent to Distribute Cocaine Base (Count Four), and Aiding and Abetting the Possession of Firearms in Furtherance of a Drug Offense (Count Six). Johnson was found not guilty of Aiding and Abetting the Possession with Intent to Distribute Methamphetamine (Count Two).[1]

---

[1] Johnson previously entered a guilty plea to Possession with Intent to Distribute Fentanyl (Count Seven).

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [ECF NO. 197]**

On September 7, 2022, prior to the jury's beginning its deliberations and at the close of the Government's case-in-chief, Johnson, by counsel, moved for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Johnson filed the pending post-trial motion on January 5, 2023.

## II.   APPLICABLE LAW

Rule 29 of the Federal Rules of Criminal Procedure provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." A defendant who challenges the sufficiency of the evidence under Rule 29 faces an "imposing burden." United States v. Martin, 523 F.3d 281, 288 (4th Cir. 2008) (citing United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997)). He must establish that "the record demonstrates a lack of evidence from which a jury could find guilt beyond a reasonable doubt." Id. at 277-78 (citing United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). When reviewing the sufficiency of the evidence supporting a criminal conviction, courts are "limited to considering whether there is substantial evidence, taking the view most favorable to the Government, to support it." Beidler, 110 F.3d at 1067 (citation and quotation marks omitted).

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [ECF NO. 197]**

The court must uphold the jury's verdict if, when viewed in the light most favorable to the government, there is sufficient evidence from which "any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).  It is the jury, and not the court, who "weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (citation omitted).  Reversal of a jury's verdict of guilty is reserved for cases "where the prosecution's failure is clear."  Burks v. United States, 437 U.S. 1, 17 (1978).

Rule 33(a) of the Federal Rules of Criminal Procedure permits the Court to vacate a criminal conviction and "grant a new trial if the interest of justice so requires."  However, "a trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." United States v. Smith, 451 F.3d 209, 217 (4th Cir. 2006) (citation and quotation marks omitted).

### III. RELEVANT FACTS

On April 16, 2020, deputies with the Monongalia County Sheriff's Office responded to a 911 call regarding an alleged hostage-taking at 536 Independence Hills Village.  The 911 caller stated that "Seven" (a nickname for co-defendant Aaric Murray

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [ECF NO. 197]**

("Murray")) had taken the caller's wife hostage over a rental vehicle and was keeping her inside 536 Independence Hills Village — and that there were multiple firearms inside the home. Law enforcement received the phone call in the "very early" morning or late evening, just before the sun was coming up.

The deputies arrived at 536 Independence Hills Village, knocked, and announced their presence. They could hear objects moving and scrambling inside the residence, and when Murray eventually answered the door, they detained him in handcuffs due to the nature of the call. The deputies explained to Murray why they were there and that he was not under arrest. Murray stated that he understood. The deputies called Johnson out from a back hallway to the left.

The deputies explained the circumstances, to which Murray replied that no one was being held hostage. An officer asked if they could enter the residence, and Murray agreed.[2] Law enforcement directed Murray toward a room to the right. The room, in Johnson's counsel's own words, "appeared to be a kitchen that was converted to a bedroom or living room." See ECF No. 197 at 3. The Court will refer to the room as the "front room." In the front room, the officers immediately observed a table with drug packaging

---

[2] The Court previously found that the entry was lawful. See ECF No. 126.

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [ECF NO. 197]**

paraphernalia, including crack cocaine, digital scales, baggies, rubber bands, syringes, NARCAN, a holster for a firearm, and more.

The officers temporarily ignored the drug-related items, and one of the deputies searched the residence for a person who may have been kidnapped. After the deputies were satisfied that no one had been kidnapped, one of them asked Murray about the drugs observed in plain view. Murray was searched, and the officers located a small amount of heroin on his person, along with approximately $6,425 in United States currency. The deputies also searched Johnson, discovering crack cocaine and approximately $2,768 in United States currency on his person.

The deputies obtained a search warrant for the residence and recovered two firearms in a green bag in the front room: a .380 caliber Glock Pistol, serial number AAYX786, and a .357 caliber Rossi Revolver, serial number 1W172153. They also recovered six rounds of .357 magnum ammunition and four rounds of .380 caliber ammunition that were loaded in the firearms. They recovered approximately 34 grams of methamphetamine in a pair of pants on the front room floor, 2.20 grams of crack cocaine on the front room floor, a drug ledger, digital scales, an Alcatel flip phone from the laundry room, and a Motorola cell phone from Johnson's person. Residue throughout the residence tested positive for methamphetamine, crack cocaine, and powder cocaine.

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [ECF NO. 197]**

The Motorola cell phone included "selfie" pictures of Johnson and evidence that Johnson was involved in drug trafficking. It also included a text exchange where Johnson was attempting to recruit another individual to travel to assist with drug distributions. In the text exchange, Johnson said that he would pay $200 to $250 for an individual to sit with Johnson during distributions. The Alcatel flip phone contained text messages with customers who purchased narcotics from Johnson and Murray. Murray and Johnson were both living at 536 Independence Hills Village at the time.³

The green bag containing the firearms did not have any indication of ownership. There was no testimony presented that Johnson was seen with the Glock pistol or the Rossi revolver. There was no testimony about how long the firearms had been in the home, who brought the green bag into the residence, or who put the firearms in the bag. There were no fingerprints on the pistol. The revolver had one fingerprint, which did not match Murray or Johnson. Neither firearm was tested for DNA. The jury also heard evidence from expert witness Mark Trump that firearms are valuable

---

³ Neither Murray nor Johnson was a party to a lease. Murray told police that the residence was his and that Johnson was living with him. Johnson argues that he was not living in the residence, and there was some evidence introduced to support this. However, taking the facts in the light most favorable to the Government, a rational jury could have found that he was living in the residence.

Case 1:20-cr-00095-TSK-MJA   Document 203   Filed 04/28/23   Page 7 of 11   PageID #: 1335

USA V. JOHNSON                                                    1:20-CR-95-2

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [ECF NO. 197]**

tools in drug trafficking because they are used to protect drugs and cash.

## IV. DISCUSSION

Count Six of the Superseding Indictment charged Johnson with Aiding and Abetting the Possession of Firearms in Furtherance of a Drug Offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. Specifically, Count Six charged Johnson with aiding and abetting the possession of the .380 caliber Glock pistol and the .357 caliber Rossi revolver in furtherance of the drug offense charged in Count Two (Aiding and Abetting the Possession with Intent to Distribute Methamphetamine). Johnson argues that the Government presented insufficient evidence for the jury to convict him of Count Six. Specifically, Johnson argues that the Government did not produce sufficient evidence of Johnson's prior knowledge with respect to possession of the firearms. The Court disagrees with Johnson and finds that the Government produced sufficient evidence to convict him of Count Six.

Under 18 U.S.C. § 924(c), "any person who, during and in relation to any . . . drug trafficking crime . . . , in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years[.]" In 18 U.S.C. § 2, Congress made it so

7

Case 1:20-cr-00095-TSK-MJA   Document 203   Filed 04/28/23   Page 8 of 11   PageID #: 1336

USA V. JOHNSON                                                    1:20-CR-95-2

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT OF
ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [ECF NO. 197]**

that a person who "aids, abets, counsels, commands, induces or procures" the commission of a federal offense "is punishable as a principal."

In Rosemond, the Supreme Court clarified the elements the Government must prove to convict a defendant of aiding and abetting a § 924(c) offense. The Court held that while an aiding and abetting conviction requires an act facilitating just one element of the predicate crime, it also requires "a state of mind extending to the entire crime." Rosemond v. United States, 572 U.S. 65, 75-76 (2014). In that case, which involved a § 924(c) charge of "us[ing] or carr[ying]" a firearm as opposed to "possess[ing]" one, the Court found that the Government must prove "that the defendant actively participated in the underlying drug trafficking . . . crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Id. at 67. "An active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun." Id. at 77. This knowledge must be sufficiently in advance that he can attempt to alter his confederate's plan or, if unsuccessful, withdraw from the enterprise. Id. at 78.

Based on Rosemond, the Government met its burden for Count Six if it showed that Johnson was an active participant in the

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [ECF NO. 197]**

underlying drug trafficking crime and knew in advance (with sufficient time to withdraw) that the firearms were possessed in furtherance of that crime. The parties agree that the Government produced sufficient evidence to prove that Johnson was an active participant in a drug trafficking crime. Johnson argues only that evidence of his knowledge about firearm possession is lacking. Johnson argues that there was never any evidence that he was in the front area of the home or knew what was in the green bag. He did not own the home and was not a party to the lease. Johnson's apparent sleeping area was in the rear of the home, and he was in the rear area when the deputies arrived.

The Court finds that the Government presented sufficient evidence to show that Johnson knew the firearms were possessed in furtherance of a drug trafficking crime. Johnson had been living at the residence at the time when police arrived. The firearms were in close proximity to a table full of drug packaging paraphernalia. A holster for a firearm was in plain view on the same table. The holster's presence on the table could have led to the jury's inference that its purpose was to hold a firearm. The table and the firearms were in a room that could have been viewed by the jury as a "common area" of the home. While Johnson is correct that there was no direct evidence that Johnson was ever in the front room, it was reasonable for the jury to find that he, as

Case 1:20-cr-00095-TSK-MJA   Document 203   Filed 04/28/23   Page 10 of 11   PageID #: 1338

USA V. JOHNSON                                                    1:20-CR-95-2

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [ECF NO. 197]**

a resident of the home, spent time in the common area. Further, the evidence that Johnson was involved in drug trafficking made it more likely that Johnson frequented the front room, which contained the table with the drug-packaging paraphernalia.

The jury heard expert testimony that firearms are valuable to those engaged in drug trafficking because they serve as protection for drugs and cash. The Motorola cell phone attributed to Johnson contained text messages stating that he was willing to pay someone to sit with him during drug transactions. The jury could have inferred that Johnson was willing to pay someone to protect him with a firearm. Further, given the testimony about the value of firearms in the drug trade, it would have been rational for the jury to find that the firearms were not accidentally left in the home by a different owner. For these reasons, the jury was justified in finding that Johnson knew the firearms were possessed in furtherance of a drug trafficking crime.

Overall, Johnson has not met the imposing burden warranting a judgment of acquittal. Considering the evidence supporting his conviction in the light most favorable to the Government, a judgment of acquittal is not warranted. He has not shown that the interest of justice requires a new trial.

Case 1:20-cr-00095-TSK-MJA   Document 203   Filed 04/28/23   Page 11 of 11   PageID #: 1339

USA V. JOHNSON                                                    1:20-CR-95-2

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [ECF NO. 197]**

## V. CONCLUSION

For the reasons discussed above, Johnson's motion for judgment of acquittal or, in the alternative, for a new trial is **DENIED** [ECF No. 197].

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: April 28, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA